IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THEODORE MESSIAH SAVAGE,        )
                                )
        Plaintiff,              )
                                )
    v                           )          Civil Action No. 06-269J
                                )          Judge Kim R. Gibson/
WILLIAM STICKMAN, Deputy Sec-   )          Magistrate Judge Amy Reynolds Hay
retary; MARK A. KRYSEVIG,       )
Supt., SCI-Cresson; DAVID L.    )
ROBERTS, Deputy Superintendent; )
Lt. D.E. WILT, Security Dept.,  )
SCI-Cresson; Correction Officer OSWALT; )
TIMOTHY SMITH, Unit Manager,    )
SCI-Cresson; BRIAN CLAWSON,     )
Unit Manager, SCI-Cresson; and  )
R. REED, Hearing Examiner, SCI-Cresson, )
                                )
        Defendants              )

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Plaintiff's application for leave to proceed in

forma pauperis (Docket No. 1) be denied.

### REPORT

Theodore Messiah Savage ("Plaintiff" or "Savage"), is currently incarcerated in the State

Correctional Institution at Cresson ("SCI-Cresson"). He has sought leave to proceed in forma

pauperis ("IFP") in order to file a civil rights complaint in this court, suing several employees of

the Pennsylvania Department of Corrections ("DOC"). It is a plaintiff's burden to prove

entitlement to IFP. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment

Program v. PNC Corp., 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R.

614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief

by a preponderance of the evidence.").

The court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).[1] Those dockets reveal that Savage has filed or participated as a plaintiff/petitioner in at least forty prisoner cases and also as a consequence, has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3] The three strikes that Plaintiff has accumulated are as follows.   The first strike is Savage v. Sincavage, No. 89-CV-1244  (M.D. Pa. order dismissing complaint as legally frivolous filed 9/26/1989 at Doc. # 4). The second strike is Savage v. Slavinski, No. 89-CV-1391 (M.D. Pa. Order dismissing complaint

---

[1]  Those dockets reveal that Plaintiff is litigious, apparently considering himself a jail house lawyer, as he appended "J.D." after his name appearing in the caption of the  the proposed complaint. It should be noted also that he spelled his name "Stavage" on both the complaint and the IFP application and furthermore, he provided his DOC identification number in the caption as being "CD-2674." However, in the DOC-generated computer printout accompanying his IFP application to show how much money is in his prisoner trust account, Plaintiff's name appears as "Theodore Savage" and his DOC identification number is CB-2674.  The Court takes further judicial notice of the DOC website that lists all prisoners and provides the name and aliases of Plaintiff and his correct prisoner ID number which may be obtained by filling in Plaintiff's name of Theodore Savage or his inmate ID number of CB2674 at this web page:

http://www.cor.state.pa.us/inmatelocatorweb/

[2]  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310  (3d Cir. 2001)(noting that  28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[3]  The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

without service of process pursuant to then 28 U.S.C. § 1915(d) filed on 10/24/1989 at Doc. # 6).

The third strike is Savage v. Sokolowski, No. 90-CV-1825 (M.D. Pa. Order dismissing complaint

pre-service pursuant to then 28 U.S.C. 1915(d)  filed 11/6/1990 at Doc. # 3).  There is at least

one more strike:  Savage v. Delong, No. 94-CV-249 (M.D. Pa. Order dismissing complaint

without service pursuant to then 28 U.S.C. § 1915(d) filed on 4/6/1994 at Doc. # 6).

Furthermore, the fact that all  of these strikes occurred before the enactment of the PLRA is no

bar to counting them as strikes.  Keener v. Pennsylvania Bd. Of Probation and Parole, 128 F.3d

143, 144 (3d Cir. 1997).  Accordingly, because Plaintiff has at least three strikes he may not

proceed IFP, unless "the prisoner is under imminent danger of serious physical injury" as

revealed by the complaint because imminent danger of physical injury must be assessed as of the

time of filing the application for leave to proceed IFP and/or the complaint. See Abdul-Abkar v.

McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.

1998)("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a

prisoner with three strikes is entitled to proceed with his action or appeal only if he is in

imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with

his appeal or files a motion to proceed IFP.").

Instantly, the complaint recounts events that occurred in February 28, 2006 with

Plaintiff's transfer from SCI-Graterford to SCI-Cresson, the transfer allegedly occurring out of

retaliation for Plaintiff's litigation activities. Complaint at p. 4, ¶ 1.  Plaintiff also alleges that on

August 1, 2006, Defendant Smith, threatened that if Plaintiff continued to advocate on behalf of

his nephew prisoner, filing legal actions, he and his prisoner-nephew, who shared a cell would be

separated.  Id. at p. 5 ¶ 10.   On August 9, 2006, Plaintiff and his nephew were separated, which

Plaintiff alleges to be retaliatory.  Id., at 6, ¶¶ 12 - 14.  Plaintiff also alleges that he was removed

from his double cell to a dormitory which housed, inter alia, African-American prisoners, and

this was done in retaliation because "Plaintiff Savage's racial and prejudicial views of African Americans . . . would cause tension and possible confrontation." Id. at p. 7, ¶ 15.  Plaintiff alleges that on October 17, 2006, he filed an action in the Commonwealth Court complaining of lack of exercise and access to a law library. Id., at p. 8, ¶ 20.  On November 6, 2006, Defendant Wilt advised Plaintiff that Defendant Stickman had granted approval to Wilt to inspect and/or read and copy all of Plaintiff's incoming and outgoing mail, including legal mail.  Id. At p. 9, ¶ 21.  On that same date, Plaintiff was allegedly falsely charged with unauthorized use of the mail and this was allegedly done in retaliation.  Id, at ¶ 22.  On November 13, 2006, Plaintiff was found guilty of the disciplinary charge and given 90 days of disciplinary confinement and told he would serve it all and Plaintiff was immediately placed in the Restricted Housing Unit ("RHU"). Id., at pp. 10 - 11, ¶¶ 25 - 26.  On November 13, 2006, he was given another allegedly false misconduct charge involving the unauthorized use of mail and forgery, which again was allegedly done in retaliation.  Id. at ¶ 27.  Defendant Reed found Plaintiff found guilty of the misconduct charges based on Plaintiff's pleading guilty to the charges although Plaintiff contends he pleaded not guilty. Id., at p. 11 - 12, ¶ 29.  On November 18, 2006, Plaintiff alleges that Defendant Oswalt came to his cell and read Plaintiff's paperwork, including legal work and confiscated a "hand full" of legal documents.  Id. At p. 12, ¶ 30.  Plaintiff alleges that he was kept in the RHU to serve all of his time out of retaliation for him not withdrawing his civil actions and legal complaints.  Id., at pp. 12 - 13.  Plaintiff alleges that the defendants are delaying the receipt and sending of Plaintiff's mail.  Id. At p. 13, ¶ 33.

Viewing plaintiff's allegations most generously, the court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an imminent danger of serious physical injury."  See, e.g., Luedtke v. Bertrand, 32 F.Supp.2d 1074 (E.D. Wis. 1999).  In Leudtke, the prisoner plaintiff had three strikes against him.  Nonetheless, he sought to proceed in forma

pauperis without pre-paying the filing fee. The complaint alleged a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him. The court found these allegations to be "insufficient and lack the specificity necessary to show an *imminent* threat of *serious* physical injury." Id. at 1077. The court reasoned that these threats of assaults and injuries at some unspecified time in the future failed to come within the exception permitted by Section 1915(g). Likewise here, the court concludes that Plaintiff's allegations fail to show an imminent threat of serious physical injury. None of plaintiff's allegations indicate a threat of serious physical injury. The one allegation that comes closest in the court's opinion to alleging a potential minor threat is the allegation that Plaintiff was placed in a dormitory with African Americans and he has prejudice toward them. However, as of November 13 2006, Plaintiff was apparently[4] taken out of the dormitory and placed in the RHU. Hence, any threat, as minimal as it appears, was past as of that date and not imminent at the time of filing the IFP application which was on or about November 24, 2006, the date whereon he signed his IFP application. Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'). Moreover, it is not clear that Plaintiff can make out a claim of imminent risk of serious physical injury simply because he is housed in proximity with prisoners against whom he harbors prejudice. Because Plaintiff herein has failed to sufficiently allege any facts that would permit him to proceed IFP, he should be denied leave to so proceed. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within the time permitted by the District Court and have his complaint filed or otherwise face dismissal.

---

[4] The court says "apparently" because it is not clear whether Plaintiff remained in the dormitory until November 13, 2006, or whether he was taken out of the dormitory at some time prior to November 13, 2006 and placed in another housing area, but it is clear that as of November 13, 2006, he was definitely in the RHU and hence, not in the dormitory.

CONCLUSION

         In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

                     Respectfully submitted,

                     /s/ Amy Reynolds Hay
                     AMY REYNOLDS HAY
                     United States Magistrate Judge

Dated:    5 January, 2007

cc:       The Honorable Kim R. Gibson
         United States District Judge

         Theodore Messiah Savage
         CB-2674
         SCI Cresson
         P.O. Box A
         Cresson, PA 16699