IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE MESSIAH SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | Civil Action No. 06-269J |
| ) | Judge Kim R. Gibson/ |
| WILLIAM STICKMAN, Deputy Sec- ) | Magistrate Judge Amy Reynolds Hay |
| retary; MARK A. KRYSEVIG, ) | |
| Supt., SCI-Cresson; DAVID L. ) | |
| ROBERTS, Deputy Superintendent; ) | |
| Lt. D.E. WILT, Security Dept., ) | |
| SCI-Cresson; Correction Officer OSWALT; ) | |
| TIMOTHY SMITH, Unit Manager, ) | |
| SCI-Cresson; BRIAN CLAWSON, ) | |
| Unit Manager, SCI-Cresson; and ) | |
| R. REED, Hearing Examiner, SCI-Cresson, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM ORDER

The above-captioned prisoner civil rights complaint and request to proceed in forma pauperis ("IFP") were received by the Clerk of Court on December 26, 2006, and were referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation ("R&R")(Doc. No. 2), filed on January 5, 2007, recommended that the motion to proceed IFP be denied because Plaintiff had accumulated "three strikes" pursuant to 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA"). The R&R listed those "three strikes" to include the following, all from the Middle District of Pennsylvania: (1) Savage v. Sincavage, No. 89-CV-1244; (2) Savage v. Slavinski, No. 89-CV-1391; and (3) Savage v. Sokolowski, No. 90-CV-1825. As well, the Magistrate Judge noted a fourth strike: Savage v. Delong, No. 94-CV-249 (M.D.Pa. 1994).

Plaintiff has filed Objections (Doc. 3) to the R&R in the form of a so-called affidavit. In this "affidavit," Plaintiff claims that the Savage involved in the aforementioned Middle District cases is his father, Theodore B. Savage, DOB 3-7-1940, and not himself.[1] The Court finds Plaintiff's so-called affidavit to be insufficient because at the end of it Plaintiff merely states, "I declare that the foregoing is true and correct" without stating, as required, "under penalty of perjury." See, e.g., Walton v. Wheatly Co., 986 F.2d 1423 (Table), 1993 WL 43934, at *2-*3 (6th Cir. 1993)(finding inadequate the affidavit by Joyce Walton because it was not acknowledged under the penalty of perjury); United States v. Branella, 972 F.Supp. 294, 299-300 (D.N.J. 1997) (Certifications containing statements, "I hereby certify that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment[,]" were fatally inadequate; the court holding that "[t]he failure to acknowledge the penalty of perjury prevents the court from considering the affidavits' contents").

In addition, on January 23, 2007, Plaintiff filed another document (doc. 4) which purports to contain an affidavit made by Plaintiff's father, who states he was the plaintiff in the three suits cited by the Magistrate Judge. While this affidavit does not suffer from the flaws of the first affidavit, the Court will give it only what weight the Court deems appropriate.

Thereafter, in an effort to ascertain the truth, this Court ordered case files from the Middle District of Pennsylvania. Following a thorough review of those files, the Court has no hesitancy in finding as a fact that the Plaintiff in this case, Theodore Messiah Savage, and not his father, filed the cases identified by the Magistrate Judge by which he has accumulated at least three strikes.

---

[1] Plaintiff has many aliases including "Ted Katona", "Joseph Savage," "Theodore Bernard Savage, Jr.," "Theodore King Savage, J.D.," and "Theodore Mortagobi Savage." See the Department of Corrections ("DOC") website listing Plaintiff's aliases:

http://www.cor.state.pa.us/inmatelocatorweb/

According to the Department of Corrections, Plaintiff's true name is "Theodore Savage Jr." Id.

2

In Savage v. Delong, attached hereto as Exhibit 1, Plaintiff identifies himself as "Theodore Savage, Jr.," assigned the Pennsylvania Department of Corrections ("DOC") Number CB-2674. In the instant case, the Plaintiff uses the same DOC Number, even though he attempted to avoid this inconvenient truth, as noted by Magistrate Judge Hay's Report, by at times changing one of the letters in the identification number and by using the last name of "Stavage." Doc. 2, p. 2 n.1. The Court notes that the DOC identification numbers are prisoner specific and no two prisoners can have the same identification number. In other words, the DOC Number "CB-2674" identifies Plaintiff and only Plaintiff. Hence, Plaintiff has at least one strike. Furthermore, in the complaint filed in Savage v. Delong, Plaintiff stated that he was transported to the Carbon County Prison on February 3, 1994 to be sentenced in Case No. 364 CR 1992.[2] The Court takes judicial notice of the dockets of the Carbon County Court of Common Pleas[3] and notes that the criminal docket found at 364 CR 1992 is Commonwealth v. Theodore Savage Jr., and that docket lists the date of birth for Theodore Savage Jr. as February 16, 1968, the very same birth date Plaintiff acknowledges in this case is his.[4] Additionally, Plaintiff attached a letter to his Objections to the Magistrate Judge's Report and Recommendation in the Delong case, wherein he listed his return address as Luzerne County Prison,

---

[2] See Exhibit 1, attached to this Order, at ¶ II.2.

[3] The complete Carbon County Common Pleas Court Docket Number for Commonwealth v. Theodore Savage Jr., is No. CP-13-CR-0000364-1992. That docket is available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=56785654&arch=1&ST=2/5/2007%203:35:16%20PM

That docket demonstrates that on February 2, 1994, the Carbon County Court of Common Pleas ordered Plaintiff to be transported to the Court for sentencing and that he was sentenced on February 4, 1994, which confirms what Plaintiff had stated in the complaint filed in Savage v. Delong, attached hereto as Exhibit 1, ¶ II.2.

[4] See Doc. 3-1 at 2, ¶ 3.

3

99 Water Street, Wilkes-Barre, PA 18702, which is located within the Middle District of Pennsylvania. See Exhibit 2 attached hereto.

In the case of Savage v. Sincavage, No. 89-1244 (M.D. Pa.), noted as one of the three strikes by Magistrate Judge Hay, the plaintiff is listed as "Theodore Savage Jr." whose address is 99 Water Street, Wilkes-Barre, PA. 18702, i.e., the same address used in the Delong case. See Exhibit 3 attached to this Memorandum Order. The Court finds that the Plaintiff herein was the plaintiff in Savage v. Sincavage. Hence, Plaintiff has two strikes.

In the next case, Savage v. Sokolowski, No. 90-1825 (M.D. Pa.), the plaintiff listed himself as "Theodore Savage Jr." with the same Luzerne County Prison address of 99 Water Street, Wilkes-Barre, PA. found in the Delong and Sincavage cases. See Exhibit 4 attached hereto. In addition, the plaintiff stated in his case against Sokolowski that he had filed another civil action in the Middle District, referring to No. 90-CV-1336, which is captioned Theodore Savage, Jr. v. Handley, (M.D. Pa.). Again, the Court finds as a fact that Plaintiff herein was the plaintiff in Savage v. Sokolowski, No. 90-1825 (M.D. Pa.). Hence, Plaintiff has at least three strikes.

In addition, the Court notes that in an order dated January 19, 2006, in the case of Abraham and Savage v. DiGuglielmo, No. 06-58 (M.D. Pa. Doc. 4)(attached hereto as Exhibit 5), Plaintiff was denied Plaintiff IFP status because of the very same three strikes cited above plus a fourth. Moreover, in an apparent attempt to mislead the Middle District Court, Plaintiff filed a motion to reconsider (attached hereto as Exhibit 6) the court's order denying Plaintiff IFP status, wherein he provided the court with personal information purported to be his own, but which turned out to be his father's social security number and his father's date of birth. As well, in that same motion, Plaintiff stated that he "has never filed any civil actions in the Middle District Court." Id. However, notably, he did not claim that it was his father who had filed the cases. The motion for reconsideration was denied, the court refusing to credit Plaintiff's contentions in the face of docket evidence to the

4

contrary. See Exhibit 7, attached hereto. Plaintiff filed an appeal from that order to the Court of Appeals. In that appeal, the Court of Appeals denied Plaintiff leave to proceed IFP on appeal. Abraham and Savage v. Diguglielmo, No. 06-2344 (3d Cir. Order dated 10/24/06)(wherein the Court noted that "Appellant does not dispute that he has brought at least three other cases in federal court that have been dismissed as lacking legal merit." (citing both Savage v. DeLong, and Savage v. Sokolowski))(available on PACER).

In the face of the foregoing, the court cannot and does not credit the purported affidavit of Plaintiff's father. Furthermore, lest there be any confusion as to the fact that Plaintiff is the "junior" as in "Theodore Savage, Jr.", the Court takes judicial notice of the fact that Plaintiff's father refers to himself as "Theodore Savage Sr." See, e.g., Theodore B. Savage v. Blaine, No. 01-476 (M.D. Pa. Habeas case filed by Plaintiff, Doc. 1 at 31 wherein the father filed an affidavit identifying himself at "Theodore Savage, Sr.")(available on PACER).

Accordingly, the court finds, as a fact, based on the evidence before it, that Plaintiff herein has at least three strikes and, therefore, he must be denied IFP status and the case dismissed without prejudice to refiling.

In the alternative, the court finds that the final judgment in Abraham and Savage v. Diguglielmo, No. 06-58 (M.D. Pa.), which found that Plaintiff had at least three strikes, collaterally estops him from contesting those strikes in this case. See Jason Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006), *petition for cert. filed*, (U.S. Jan. 16, 2007)(No. 06-1001)(setting forth the requirements for collateral estoppel: (1) the identical issue was actually litigated and previously adjudicated; (2) the previous determination was necessary to the decision; and (3) the party now being precluded from relitigating the issue had a full and fair opportunity to litigate the issue previously). Here, the only requirement that arguably could be in dispute is whether Savage had a full and fair opportunity to litigate the issue; the other requirements are manifestly met.

5

It appears clear that Savage had a full and fair opportunity to litigate the issue in the case of <u>Abraham and Savage v. Diguglielmo</u>, 06-58 (E.D. Pa.), because he received notice of which cases were counted as strikes, and he had an opportunity to be heard in that he contested the strikes before the Middle District Court, which, in a valid and final judgment, found against him. See, e.g., <u>Kremer v. Chemical Const. Corp.</u>, 456 U.S. 461, 483 n.24 (1982)(noting that "what a full and fair opportunity to litigate entails is the procedural requirements of due process" i.e., notice and an opportunity to be heard); <u>Hofmann v. Pressman Toy Corp.</u>, 193 Fed.Appx. 121, 123 (3d Cir. 2006) (applying collateral estoppel and/or res judicata doctrines to pro se plaintiff, and declaring that "As Hofmann had a **'full and fair opportunity'** to litigate this issue in her earlier case [even though she was pro se in the earlier case], the District Court correctly precluded her from raising it again.")(emphasis added). Consequently, the fact that Plaintiff was pro se in the <u>Abraham and Savage v. Diguglielmo</u>, No. 06-58, case does not mean that he was denied a full and fair opportunity to be heard. Accordingly, either because the court finds, as a fact, based on the evidence before it, that Plaintiff herein has three strikes or because Plaintiff is collaterally estopped from denying such, he must be denied IFP status and the case dismissed without prejudice to refiling. Hence, the following order is entered.

AND NOW, this 15th day of February, 2007,

**IT IS HEREBY ORDERED** that the Plaintiff's motion for leave to proceed in forma pauperis is **DENIED** and the case is **DISMISSED** albeit without prejudice to being refiled upon payment of the entire filing fee, so long as the payment of the filing fee occurs within the applicable statute of limitations. In other words, any re-filed case will not relate back to the current complaint.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 2), filed on January 5, 2007 by Magistrate Judge Hay, is adopted as the opinion of the court, as supplemented by this memorandum order.

Lastly, I hereby certify pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, that any appeal from this action would not be taken in good faith for all of the reasons recounted above.

                                                                                                      */s/ Kim R. Gibson*
                                                                                                     The Honorable Kim R. Gibson
                                                                                                     United States District Court Judge

Dated:

cc:     Hon. Amy Reynolds Hay
         United States Magistrate Judge

         Theodore Messiah Savage
         CB-2674
         SCI Cresson
         P.O. Box A
         Cresson, PA 16699